## SCOGGIN *v.* HUDGINS.

Opinion delivered April 23, 1906.

1. ADMINISTRATION—FOLLOWING LAND DESCENDED.—Lands of a deceased debtor, while held by the heirs, may be subjected in equity to sale for the payment of claims against the estate which accrued after the two years for the probate of claims have expired; but the rule is otherwise if the lands have passed into the hands of innocent purchasers for value before commencement of the suit to subject them. (Page 534.)

2. COVENANT—CONSTRUCTIVE EVICTION.—A judgment against a covenantee in possession upon a foreclosure of a mortgage lien created prior

to the covenant, rendered after notice to the deceased covenantor's personal representative to appear and defend, constitutes a constructive eviction entitling the covenantee to his action on the covenant. (Page 535.)

3. HOMESTEAD—DECLARATION OF LIEN.—Notwithstanding Const. 1874, art. 9, § 3, provides that the "homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment or decree of any court, or to sale under execution or other process thereon," etc., a court of equity may declare that a claim of creditors is a lien on the homestead of a deceased debtor in the hands of his widow and heirs, but that it shall not be sold until the homestead expires. (Page 535.)

Appeal from Howard Chancery Court; *James D. Shaver,* Judge; reversed.

*O. A. Graves,* for appellants.

1. Since the administration is still pending, with both real and personal property in the hands of the administratrix unadministered, appellee's remedy is at law against the administratrix. The administrator is not by law compelled to plead the statute of nonclaim or statute of limitations. 14 Ark. 246; 22 Ark. 290; 14 Ark. 309; 27 Ark. 252; Kirby's Digest, § § 56, 59.

2. It was improper to render judgment against the homestead, subject to homestead interests of the widow and minor children. They are not to be disturbed in their possession of the homestead, and the fee can not be sold subject to homestead rights of minors. 51 Ark. 432; 47 Ark. 445; 50 Ark. 329.

3. Appellee purchased, as appears by the proof, with full knowledge of the mortgage held by the building and loan association. Having negotiated the sale, paying off installments to the association as they fell due, and knowing more about the deed than deceased himself, appellee ought not now to be heard to complain.

*D. B. Sain* and *W. C. Rodgers,* for appellee.

1. All claims are barred after two years from the granting of letters of administration. Kirby's Digest, § 110; 17 Ark. 533; 9 Ark. 411.

2. The action is founded on breach of covenant. In such cases the covenant is not broken so long as the vendee is in possession under his purchase and has not been evicted. 65 Ark. 495; 35 Neb. 521; 52 Neb. 46; 93 Mo. 459; 53 Kan. 560; 40 Fed. 97. This is true, though the covenant was in existence at the

time the conveyance was executed. 91 Tex. 411. Action for the breach may be brought at any time within five years from the eviction. 89 Ky. 52. If a paramount title is so asserted as that the covenantee must yield to it, his remedy is complete against the covenantor. 52 Ark. 322; 59 Ark. 629, 634; 40 Minn. 94; 11 N. H. 74; 100 Ala. 553; 82 Tex. 411; 43 La. Ann. 488; 32 Ia. 71. It is not necessary that the covenantee permit a sale under the superior incumbrances, but he may pay the incumbrance when judicially declared, and have his action for damages on the covenant. 59 Ark. 629; 62 Ia. 321; 10 Heisk. (Tenn.) 384. The cause of action on the covenant is complete in all cases where the covenantee is notified to defend and fails to do so, and judgment of ouster is rendered against the vendee. 52 Ark. 322; 2 Lea (Tenn.), 533; 89 Ky. 52; 102 Tenn. 428. See also 70 Ill. App. 33.

3. The deed speaks for itself, is the consummation of the verbal contract, and takes the place of it as a higher evidence of the contents and effect of the agreement. 5 Ark. 179 *et seq.;* *Ib.* 651; 13 Ark. 496; 15 Ark. 543; 24 Ark. 210; 29 Ark. 544; 30 Ark. 186; 31 Ark. 411; 35 Ark. 156.

BATTLE, J. J. J. Hudgins brought a suit against the heirs of W. G. Scoggin, deceased, to subject certain lands descended to them to the satisfaction of his certain claim against the deceased.

Sometime in the year 1892, W. G. Scoggin, in consideration of the sum of $75 paid to him by J. J. Hudgins, conveyed a certain tract of land to Hudgins, and covenanted with him that he would forever warrant and defend the title to the land against all lawful claims. At the time of the execution of the deed there was a valid mortgage on the land in favor of the Southern Building & Loan Association to secure an indebtedness of $350. Thereafter Scoggin died intestate, leaving the defendants, his heirs, surviving him; and on the 19th day of April, 1893, letters of administration were granted and issued to his widow, M. L. Scoggin. Sometime in the year 1900 J. A. Bowman, as receiver of the Southern Building & Loan Association, instituted a suit in the circuit court of the United States for the Texarkana Division of the Western District of Arkansas to foreclose the mortgage on the land in favor of the building and loan association, making

Hudgins and others defendants. When that suit was instituted, Hudgins notified and requested the administratrix of Scoggin's estate to defend against it, which she failed to do. On the 24th day of May, 1900, Bowman, as receiver in the suit instituted by him, recovered a decree foreclosing the mortgage and for $186.62; and on the 10th day of December, 1900, for the purpose of protecting and saving his lands from sale, Hudgins paid the amount recovered by the decree.

Scoggin died, seized and possessed of certain lands described in the complaint. Forty-four acres of this land constituted his homestead, and after his death was occupied as a homestead by his widow and minor heirs. The remainder contained thirty-eight acres. Before the institution of this suit W. M. Greene acquired the interest and share of one of the heirs, Jane Scoggin, in these lands, without any actual or personal knowledge on his part of any claim of Hudgins, vested or expected.

The court found that the administratrix was not a proper party to this action, and that W. M. Greene had acquired and was entitled to hold the interest of James Scoggin in the lands, and as to them, adminstratrix and Greene, dismissed the suit; and decreed that Hudgins was entitled to recover $75 and six per cent. per annum interest thereon from the 10th day of December, 1900, and that the same is a lien on the lands owned by Scoggin in his lifetime, and upon the land occupied by the widow and minors, subject to their rights of homestead; and that, if the $75, interest and costs are not paid on or before January 1, 1904, Hudgins have a special execution against the lands to satisfy his judgment and costs. The defendants appealed.

The administration of Scoggin's estate closed before the accrual of appellee's cause of action, the two years for the probate of claims having expired on the 19th of April, 1895. It is settled by decisions of this court that the lands of the deceased, while they are held by the heirs, may in equity be subjected to sale for the payment of such claims. *Williams* v. *Ewing,* 31 Ark. 234; *Hecht* v. *Skaggs,* 53 Ark. 291; *Berton* v. *Anderson,* 56 Ark. 470, 474. But interests or estates in lands acquired by innocent purchasers for value before the commencement of a suit to charge them with the payment of such claims can not be lawfully or equitably subjected to such charges. *Berton* v. *Anderson, supra.*

Hudgins's cause of action accrued on the tenth day of December, 1900, when he paid the judgment recovered by Bowman, as receiver. He was not bound to wait until he was actually disseized. If he had done so, his right of redemption would have expired, and he would have lost the land, with the right to recover on the covenant of his grantor only a small part of its value. Why submit to such loss? Why wait for the inevitable? Equity does not require such sacrifice. *Collier* v. *Cowger,* 52 Ark. 322; *Dillahunty* v. *Railway Co.,* 59 Ark. 629, 634; 8 Am. & Eng. Enc. Law (2 Ed.), p. 203, and cases cited.

The chancery court virtually declared a lien on the land occupied by the widow and minors as a homestead, and ordered that it be sold subject to such homestead. The Constitution of this State declares that "the homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, except," etc. Const. 1874, art. 9, § 3. But it does not prevent the courts from protecting creditors in their rights in such cases as this. The heirs may sell the lands descended to them to innocent parties for value before the commencement of suits in equity by creditors to subject them to the payment of their claims. Unless the lands constituting the homestead can be held in some way, creditors of a deceased person, holding claims accruing after the close of the administration of his estate, will be left to the mercy of heirs. A declaration that the claim of the creditors is a lien on the land, but it shall not be sold until the homestead expires, would be nothing more than a declaration of the equitable rights of the creditor, and would not interfere, directly or remotely, with the homestead rights, and would be stripped of the evil effects of the liens prohibited by the Constitution, and would not belong to that class of liens.

The cause is remanded with instructions to the court to modify its decree in accordance with this opinion.