## BROOKS v. GOODWIN.

### Opinion delivered May 8, 1916.

1. HOMESTEAD—LIFE TENANT IN POSSESSION.—A. was life tenant of certain land, of which B., his son, was remainderman. *Held,* A., as life tenant in possession, had a homestead interest in the land which he might have as exempt against any of his creditors who sought to subject the land to the payment of his debts.

2.   HOMESTEAD—CLAIM BY REMAINDERMAN.—A remainderman can not claim homestead in the land, during the life and occupancy of the life tenant.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*Campbell, Pope & Spikes,* for appellant.

1.   Appellee's interest in the land is not sufficient to carry with it the privilege of exemption as a homestead. A future estate will not support the claim of homestead. 87 N. C. 79; 26 Ky. L. Rep. 157; 80 S. W. 1097; 62 *Id.* 381; 23 Tex. Civ. App. 87; 56 S. W. 572; 57 *Id.* 990; 21 Cyc. 503; 74 Wis. 490; 43 N. W. 507; 20 S. E. 736; Const., art. 9, § 4.

2.   His occupancy was not sufficient to impress upon the land the character of a homestead.  76 Ark. 577; 51 *Id.* 84; 42 *Id.* 175; 21 Cyc. 621.

SMITH, J.   This cause was tried in the court below upon an agreed statement of facts, from which it appears that appellee was the owner of a fee simple estate in the lands sought to be subjected to sale under an execution against him subject to the life estate of his father.   But although the land was so owned there was an agreement that the lands be occupied and treated as partnership lands and that appellee, acting under such understanding and agreement with his father, entered on said lands and cleared and improved them.   But it was also recited in the agreed statement that the life tenant had never made any written relinquishment of his life estate to appellee, but continued to assert that interest in the land.

There was evidence that appellee was not residing on the land at the time of the levy of the execution but was a resident of another county, where he was served with process.   But the court no doubt accepted his explanation that his absence was only temporary and that he had not, therefore, abandoned his right of homestead if he had ever acquired it, and we can not say that the evidence does not support this finding.

We think no showing is made that the life estate had become merged by the agreement for joint occupancy, and while the remainderman was enjoying the joint occupancy he was doing so subject to the life estate of his father.

(1)   The father, as a life tenant in possession, therefore, had a homestead interest in the land which he might have claimed as exempt against any of his creditors who sought to subject the land to the payment of his debts. *White Sewing Machine Co.* v. *Wooster,* 66 Ark. 382.   The question to be decided is, whether the remainderman also had this right.

(2)   In 21 Cyc. 503, under the title of "Homestead," it is said:

"Future or Contingent Estates.   The interest in land sufficient to carry with it the privilege of exemption must be such as involves a present right of occupancy.   Future estates, therefore, whether vested or contingent, will not support the claim; yet when the particular estate is determined, and the remainderman is entitled to immediate possession, he may claim his homestead in the premises, if his contingent interest has not been sold in the meantime by his creditors."

And, under the same title in 15 A. & E. Enc. of Law (2 ed.) 556, the law is stated as follows:

"Possessory Interest Necessary—a.   In General.— To entitle a debtor to a homestead exemption he must, at least, have a possessory interest in the land claimed. There must be at least a present right of occupancy.   b. Remainder or Reversion.—A homestead can not exist in a remainder or reversion, since in such case there is no present right of occupancy.   But it has been held that a remainderman may claim a homestead after determination of the particular estate, as against creditors who have failed to sell his interest on execution before determination of the particular estate."

In Waples on Homestead and Exemption, page 488, it is said:

"The fee can not be sold under execution so as to leave the homestead unsold when *homestead* means exempt realty."

In Modern American Law, volume 5, page 297, the law on the subject is stated as follows:

"384. Estate to support homestead.—A homestead right may commonly be claimed in any kind of an estate, whether in fee, or for life, or any other interest liable to seizure for debts, provided the interest is a present right of occupancy. For example, there can be no homestead in a remainder or a reversion, although there are situations where the remainderman may claim a homestead after the close of the particular estate, if the creditors have failed to complete their levy by sale. A homestead may be claimed in a life estate as the life tenant is the owner within the meaning of the law, and the homestead estate terminates with his life estate. It follows from this that the homestead may be claimed by a tenant by curtesy, and also by a widow having a dower interest."

Numerous cases on the subject will be found cited in the text, quoted from.

In *Roach* v. *Dance*, 80 S. W. 1097, the facts were that Roach, the testator, devised lands to his wife for life, remainder to his children. Subsequent to Roach's death, the widow and children resided together upon the land and were so residing when the creditors of one of the sons of the testator sought to subject this son's interest as remainderman to sale under execution. The remainderman claimed the land as his homestead and alleged that he resided with his wife and children upon the land with his mother at the time of the levy and that his interest being of less value than that allowed by law was exempt as a homestead. The court said in part:

"It was decided in *Robinson* v. *Smithey*, 80 Ky. 636, that a party holding the title to a tract of land for life, with remainder to her children, and in the occupancy of the land, was entitled to a homestead therein as against her creditors. In *Merrifield, etc.,* v. *Merrifield's Assignee*, 82 Ky. 526, it was further held that the life tenant

and remainderman could not have a homestead in the same tract of land at the same time. In the opinion in that case this court said: 'This court has never gone so far as to determine that both the widow and remainderman can at the same time have a homestead in the same land, nor do we think the statute can be so applied and extended. The theory of the homestead exemption is that the debtor requires a prescribed amount in value of land to be set apart for the support of himself and dependent family, but to accomplish such a beneficent object he must have a right to occupy and use it; and hence it is indispensable requisite that the party claiming the exemption must be in the actual possession. But a party having merely an interest in remainder is without any right to the possession, and, in the meaning of the law, not in possession."

In the case of *Davis* v. *Brown,* 62 S. W. 381, the syllabus is as follows:

"A remainderman who is permitted to occupy land with a life tenant under a parol surrender of her interest is not in possession in his own right, since the parol surrender does not merge the life estate and remainder, nor bind the life tenant; and hence he is not entitled to claim a homestead in the land as against his execution creditor."

The homestead here sought to be asserted is conferred by section 4, of article 9, of the Constitution. Its language is:

"The homestead outside of any city, town or village owned and occupied as a residence shall consist of not exceeding, * * * etc."

It is apparent that the occupancy must be accompanied by a present claim of a right to occupy, and one can not occupy an estate in remainder as a residence. The owner of a particular estate alone has that present right of occupancy essential to impress the homestead character upon land.

The judgment of the court below will, therefore, be reversed and the cause remanded with directions to quash the supersedeas which had been ordered issued.