SMITH *v.* WATKINS.

4-3076

Opinion delivered July 10, 1933.

*Pearce & Whitley*, for appellant.

*Ezra Garner*, for appellee.

McHANEY, J.  Appellee recovered judgments against appellants in the justice of the peace court as follows: April 21, 1928, against Smith $267.01, against Decia Hill $129.17.  Against Necie and Elliott Flowers $287.97, against Branton or Bratton $221.25.  Executions were later issued on said judgments, placed in the hands of proper officials, and were returned *nulla bona*. On March 22, 1932, transcripts of all four judgments were filed in the circuit clerk's office, and on the same day executions issued thereon, placed in the hands of the sheriff who made a levy on April 14, 1932, and on May 14, 1932, sold the undivided interest of appellants in and to 320 acres of land formerly belonging to J. N. Smith, now deceased, who was the father of the judgment debtors.  J. N. Smith

died intestate, leaving surviving him his widow and appellants, all of whom resided upon said land, but no dower or homestead had ever been assigned to the widow, Cassie Smith, at the time of the levy and sale.

Appellants brought this action in the chancery court, praying a cancellation of the sale made by the sheriff, as a cloud on their title, decreeing to them their homestead rights in said lands as remaindermen. They also sought a cancellation of the judgment against Necie Flowers and a restating of the account between Decie Hill and appellee. Appellee demurred to the complaint, the court sustained the demurrer, and this appeal followed.

The court correctly sustained the demurrer for want of jurisdiction. Three of the judgments in the justice of the peace court were upon personal service, and in the case of Necie Flowers the record shows she appeared in court and confessed judgment. No motion was made in either case to set aside the judgment. No appeal was prayed or prosecuted. Appellants had a full, complete and adequate remedy at law, and the complaint, as to Necie Flowers and Decie Hill, constitutes a collateral attack on the judgment of the justice court against them.

As to the claim of homestead right of appellants, the complaint alleges that they "were living on a tract of 320 acres of land held by appellants as tenants in common with five other heirs of J. N. Smith, deceased, who owned said tract of land at the time of his death"; that they were so living in separate homes, each the head of a family, when said judgments were lodged in the clerk's office and the executions were levied; that subsequent to the levy, but prior to sale, Cassie Smith, April 29, 1932, conveyed to them and the other heirs all her dower and homestead rights to said lands. At the time of the levy, the mother was a life tenant in possession with dower and homestead rights unassigned, and she could have claimed the lands exempt as against any of her creditors. The heirs were living on said land in separate houses, perhaps as tenants of the mother, but certainly not more than remaindermen subject to the life

estate. No particular tract of the 320 acres was owned by any of them until the termination of the life estate, and a partition of the land among the nine heirs, four of whom are appellants here. The lien of the judgments attached to the interest of appellants from the date the transcriptions were filed with the circuit clerk. As we said in *Brooks* v. *Goodwin,* 123 Ark. 607, 186 S. W. 67: "It is apparent that the occupancy must be accompanied by a present claim of a right to occupy, and one cannot occupy an estate in remainder as a residence. The owner of a particular estate alone has that present right of occupancy essential to impress the homestead character upon land."

The language of the Constitution under which the homestead right is here asserted is: "The homestead outside of any city, town or village owned and occupied as a residence shall consist of not exceeding * * *" etc. Appellants did not own the residences occupied by them, although they had a future expectancy to own each a one-ninth interest in the land. At the time the lien of the judgments attached and at the time of levy no homestead rights had or could have attached or been set apart to them. The case is ruled by *Brooks* v. *Goodwin, supra.* See also *Taylor* v. *Greene,* 186 Ark. 817, 56 S. W. (2d) 432, and cases there cited.

We find no error, so the decree is affirmed.