UNITED STATES of America,
Plaintiff,

v.

339.77 ACRES OF LAND, MORE OR
LESS, IN JOHNSON AND LOGAN
COUNTIES, ARKANSAS, and Ralph
Sykes, et al., and Unknown Owners, Defendants.

Civ. No. 1729.

United States District Court
W. D. Arkansas,
Fort Smith Division.

April 30, 1965.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for plaintiff.

Robert White, Russellville, Ark., Ray Blair, Paris, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

On May 22, 1963, the plaintiff filed its complaint and a declaration of taking to acquire the fee simple title to Tract 3212 consisting of 70.92 acres, and a perpetual right, power, privilege and easement to overflow, flood and submerge Tract 3212E–1, containing 9.0 acres, and Tract 3212E–2, containing 4.50 acres. On the same date the court entered an order for delivery of possession of the property. The minerals in and under all of the tracts were not taken but were subordinated to the estate acquired by plaintiff.

The tracts were taken from an ownership of 90 acres. There was a severance of 13.92 acres in the northeast corner of the tract and an easement was imposed upon 9.0 acres, Tract 3212E–1, of the severance of 13.92 acres. There was a severance of 5.16 acres in the southwest corner, and an easement was imposed on 4.50 acres, Tract 3212E–2, of the 5.16 acres. Thus the Government acquired a total of 70.92 acres in fee and imposed an easement upon 13.50 acres, leaving unencumbered 5.58 acres.

The title to the 90 acres from which the subject tracts were taken was vested in Edward J. Koch and wife, Stella Koch, as tenants in the entirety, subject to an oil and gas lease held by Kerr-McGee Oil Industries. In addition to the ownership of 90 acres, Mr. and Mrs. Koch owned as tenants in entirety 20 acres of bottomland lying from one to one-and-a-half miles northwest of the 90.0 acres.

Mr. and Mrs. Koch reside on land known as the home place, described as the E½ SE½ of Sec. 35, T 8 N, R 26 W, containing 66 acres. Thirty-six acres of the tract is owned by Mr. Koch individually, while the south 30 acres are owned by Mr. and Mrs. Koch as tenants in entirety. The residence, a dairy barn, hay barn and other buildings are situated upon the 36 acres, owned by Mr. Koch individually.

The plaintiff makes the following statement in its brief:

"The owners claimed that the subject tract, bottomland, and home place were a unit and that the Government taking resulted in compensable damages other than those occasioned in the actual taking of a portion of the 90 acres. Loosely speaking, the landowner was claiming severance damages. The Commission heard testimony on the before and after value of the subject tract, the bottomland, and the home place, and found compensation caused by the taking of this unit to be $10,000. Alternatively, the Commission heard testimony of the before and after value on the subject tract only and found compensation for the taking, considering that tract alone, to be $8,000. The Commission in its report found damages in the alternative stating that it was a question of law as to whether or not the ownership as factually admitted and found by the Commission was sufficient to permit the 36-acre home place to be considered as a part of the unit or not."

In the answer of Mr. and Mrs. Koch to the complaint and declaration of taking they alleged that the taking of the tracts herein will do great damage to the remainder of their property, and asked that just compensation be fixed at the market value of the property taken, plus the damages sustained by the other lands above referred to and not taken by the plaintiff.

The report of the Commission was filed November 18, 1964. On November 27, 1964, the plaintiff filed its exceptions to the report of the Commission. The first allegation is that the Commission erred in considering the bottomland twenty acres, the home place of 66 acres, and the 90-acre tract "as a unit." Other objections set forth will be discussed hereinafter.

In support of its first objection and exception the plaintiff contends that there must be complete unity of ownership and that such does not exist in the instant case. In support of that contention the plaintiff cites United States v. Honolulu Plantation Co., (9 Cir. 1950) 182 F.2d 172, 173, which the court has examined. In view of the facts in the case at bar, the cited decision, in the opinion of the court, does not support the contention of plaintiff. The condemnee held only a lease of doubtful validity on a great portion of the land and its claim was basically for "business losses."

In paragraph 2 of its brief the plaintiff makes the following statement:

"With reference to the bottomland, the 30-acre tract adjacent to the home place, the home place and the subject tract, the Commission found a unity of use. This finding of the unity of use so far as it went was supported by the evidence."

The frank statement of plaintiff as to the finding of the Commission that there was unity of use is commendable and in accord with the evidence. Therefore, the court will not review the evidence as to unity of use. However, the plaintiff apparently contends as a matter of law that severance damages cannot be allowed to the 36 acres of the home place owned by Mr. Koch because the 90-acre ownership, from which the subject tracts were taken, was owned by Mr. and Mrs. Koch as tenants in the entirety. In other words, the plaintiff contends that although all the tracts were operated as a unit by the owners, severance damages suffered by other tracts not of identical ownership with the tracts taken ignores the basis of severance damages under the Fifth Amendment to the Constitution.

The Fifth Amendment provides that private property shall not be taken for public use without just compensation. In view of this contention on the part of the plaintiff, the court must determine whether the Commission was authorized under the law to consider damages to the entire 66 acres of the home place, or whether the Commission should have excluded from its consideration of severance damages the 36 acres of the home place that was owned by Mr. Koch individually, even though it is a portion of the homestead, and the defendant, Stella Koch, has homestead rights as well as dower rights.[1]

1. Sections 3, 4 and 6 of Article 9 of the Constitution of Arkansas, defining homestead and rights therein, provide:

"Section 3. The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity."

"Section 4. The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value."

"Section 6. If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's right to cease at twenty-one years of age— and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

Arkansas Statutes, Ann., 1947, defining dower and rights thereto provide:

"Section 61–201. A widow shall be endowed of the third part of all the lands

548

■ The case of Roulston v. Hall, (1899) 66 Ark. 305, 50 S.W. 690, is a landmark case in Arkansas. The court at page 308 of 66 Ark., at page 691 of 50 S.W., said:

"Where land is conveyed to husband and wife, they do not take by moieties, but both are seized of the entirety, the whole in contradistinction to a moiety or part only."

Husband and wife are one person in law, and a conveyance to husband and wife is, in legal contemplation, a conveyance but to one person. Neither tenant by entirety can convey his or her interest so as to affect the survivorship in the other. Further, the court said:

"The rule of the common law that a conveyance to husband and wife constitutes them tenants by the entirety (the survivor taking the whole estate) is not changed by the abolition of joint tenancies, nor by the act of the legislature enabling married women to acquire and hold property separate from their husbands. * * The husband may do what he pleases with the rents and profits during coverture, but he cannot dispose of any part of the inheritance, without his wife's consent."

■ The court in Jenkins v. Jenkins, (1951) 219 Ark. 219, 242 S.W.2d 124, 27 A.L.R.2d 861, held that an estate by an entirety either legal or equitable could not be divested out of the husband and invested in the wife, or vice versa, by the courts for the reason that the right to the whole estate by the survivor prevents this. In 1947 the Legislature enacted a statute providing for the dissolution of estates by the entirety or sur-vivorship in the event of a divorce, Ark. Stat.Ann., Sec. 34–1215 (1962 Repl.), but the statute only applies to entirety estates created subsequent to the passage of the Act and the Legislature could not retroactively destroy a right vested at the time of the enactment of the dissolution statute.

■ The court does not understand that the plaintiff contends that Mr. and Mrs. Koch, under the facts as found by the Commission, would not be entitled to severance damages to the remainder of the 90-acre ownership, 20 acres of bottomland, and 30 acres of the 66-acre tract. Even though Mrs. Koch has only a dower and homestead interest in the 36-acre tract which is a part of the 66-acre tract, this fact cannot be held to deprive Mr. Koch of his claim for severance damages to all of the land since he owns, under the law of Arkansas, the whole of the unit.

The plaintiff knew, prior to the filing of the instant suit, that the title to the 90-acre tract from which the subject tracts were taken was vested in Mr. and Mrs. Koch as tenants in the entirety and that there were no improvements thereon. By the answer of both Mr. and Mrs. Koch, plaintiff was advised that severance damages would be claimed on the ground that all of the land used in the operation of the Grade A dairy constituted a farming and dairying unit.

The Commission found that the fair market value of the unit, including the three tracts claimed as a unit as of the date of taking, was $45,000, and the market value after the taking of the three tracts, considered as a unit, was $35,000, so that even though Mrs. Koch did not

whereof her husband was seized, or an estate of inheritance, at any time during the marriage, unless the same shall have been relinquished in legal form." "Section 61–206. If a husband die, leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband died seized, where said estate is a new acquisition and not an ancestral estate; and one-half of the personal estate, absolutely and in her own right, as against collateral heirs; but, as against creditors, she shall be endowed with one-third of the real estate in fee simple if a new acquisition and not ancestral, and of one-third of the personal property absolutely, Provided, if the real estate of the husband be an ancestral estate she shall be endowed in a life estate of one-half of said estate as against collateral heirs, and one-third as against creditors."

own 36 acres of the 66 acres, still Mr. Koch was entitled to have all of the tracts, since he was in law the owner of all the land, considered as a unit, and to have the question of severance damages to the land not taken considered, which the Commission did, and resulted in an award of $10,000 for the taking of the subject tracts, the imposition of the easements and the severance damages. In other words, Mr. Koch is entitled to the $10,000. The question of how or when he and Mrs. Koch may divide the severance damages included in the award is a matter for them and them alone.

The plaintiff further contends that the witnesses confused severance damages with noncompensable business losses, and that the witnesses ignored the economic availability of other lands. It has long been held that proof of business losses are not admissible and that such losses are not an element of just compensation. United States v. 561.14 Acres of Land, More or Less, in Johnson and Logan Counties, Ark., (W.D.Ark.1962) 206 F.Supp. 816, 826.

In Baetjer v. United States, (1 Cir. 1944) 143 F.2d 391, the court dealt with the question of what a business loss is and distinguished between noncompensable losses and those that are compensable. At page 396 the court said:

"If it means that after the taking the appellants' mills had an uneconomic over-capacity so that they could not be operated by the appellants as efficiently and therefore as profitably as before the taking, then the stricken evidence shows only a loss to business which resulted as an unintended incident of the taking and so a loss not compensable under the doctrine of Mitchell v. United States, supra [267 U.S. 341, 45 S.Ct. 293, 69 L.Ed. 644]. On the other hand, if it means, and there is other evidence tending to show that this is what the witness who used the phrase meant by it, that the over-capacity of the mills with respect to cane lands available to supply them has depreciated their value on the market to the extent of $270,000, then the evidence would tend to show a compensable loss. In short the stricken evidence would indicate a compensable loss only if it means that after the taking the appellants' mills had an uneconomic over-capacity so that they could not be operated by anyone as efficiently and therefore as profitably as before the taking this being a matter which a hypothetical willing buyer would consider in determining what he would pay for the property. The case must be remanded for the court below to consider the appellants' evidence, and the evidence which the government says it can introduce to contradict it, in order to determine whether or not the appellants have suffered a compensable loss, and, if they have, its extent."

In Sharpe v. United States, 3 Cir., 112 F. 893, at 896, in language approved by the Supreme Court on writ of error, 191 U.S. 341, 352, 24 S.Ct. 114, 48 L.Ed. 211, the rule is stated as follows:

"It is not denied that in rendering the 'just compensation' secured by the constitution of the United States to the citizen whose property is taken for public uses it is right and proper to include the damages in the shape of deterioration in value which will result to the residue of the tract from the occupation of the part so taken."

Clearly the taking of the subject tracts from the 90-acre tract has caused the landowners to suffer loss, which is compensable, in that it depreciated the value of the Grade A dairy property and equipment used in the operation of the unit. The evidence clearly establishes the over capacity of the Grade A dairy plant and equipment with respect to the supply of milk available, and thus the value of the unit as a farming and dairy unit has been depreciated.

As to the contention of the plaintiff that the witnesses ignored the economic availability of other lands, Mr.

Koch in 1962, when it appeared that the 90-acre tract or the major portion of the same would be taken by the Government, in an effort to offset the loss of this pastureland and damage to the farming and dairy unit, purchased 50 or 51 acres near his home and paid therefor $5,000, or approximately $100 an acre. The land purchased by Mr. Koch is not comparable to that which was taken and that he had developed for pasturage and the raising of hay and other feed for his dairy cattle which he kept on the home place where the dairy was operated. The sale of the 50 or 51 acres to Mr. Koch was by a seller who at that time was in a distressed financial situation. The tract purchased by Mr. Koch in 1962, while available as land, does not serve the purpose and cannot until fully developed and improved serve the purpose that was being served by the 90-acre tract.

■ The plaintiff further contends that the Commission erred in receiving testimony of sales which took place many months subsequent to the date of taking and in considering such sales as comparable sales. A mere reading of the testimony is sufficient to show that such contention is without merit. All of the so-called "comparable sales" differed somewhat from the 90-acre tract, but the testimony did give the Commission some facts which it could consider in reaching its conclusion as to the market value, before and after, of the property taken.

■ Lastly, the plaintiff contends that the Commission's report is inadequate in that it fails to disclose the evidence accepted and the evidence rejected. But in the opinion of the court a study of the transcript and the report of the Commission discloses that the Commission followed the rule announced by the Supreme Court in United States v. Merz, (1964) 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629, as to the adequacy of the report, and therefore the contention of the plaintiff in that respect is without merit.

■ The court does not have the right to reconsider, weigh and evaluate evidence to arrive at its own independent conclusion as to just compensation, but must accept the findings of fact and conclusions of the Commission unless clearly erroneous. United States v. 992.61 Acres of Land, More or Less, in Johnson and Logan Counties, Ark., (W.D.Ark.1962) 201 F.Supp. 578, and cases therein cited. The findings of fact of the Commission in the case at bar are abundantly supported by the evidence and the conclusions of law are not erroneous, and the report of the Commission should be approved and confirmed.

Therefore, an order is being entered today, approving and confirming the report of the Commission, and finding and fixing just compensation, including severance damages, for Tracts 3212, 3212E-1 and 3212E-2 at the sum of $10,000.

