UNITED STATES of America, Appellee,

v.

Daniel M. PILLA, d/b/a Collins Printing Company; Henry Zappa; Peoples Plumbing and Heating Company; Charles T. Miller Hospital, Division of United Hospitals, Inc.; Gladys E. Munger; Ramsey County, Minnesota;

Appeal of Daniel M. PILLA; Michael A. Pilla; Carlyn J. Pilla; Daniel J. Pilla; Paul M. Pilla; and Joseph P. Pilla.

UNITED STATES of America, Appellee,

v.

RAMSEY COUNTY, Minnesota,

Appeal of Daniel M. PILLA; Daniel J. Pilla; Michael A. Pilla; Carlyn J. Pilla; Paul M. Pilla; and Joseph P. Pilla.

No. 82–1943.

United States Court of Appeals, Eighth Circuit.

Submitted June 27, 1983.

Decided July 5, 1983.

Rehearing and Rehearing En Banc Denied Aug. 30, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., of counsel.

Daniel M. Pilla, Michael A. Pilla, Paul M. Pilla, Carlyn J. Pilla, Daniel J. Pilla, Joseph P. Pilla, pro se for appellants.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

This is an appeal from the district court's grant of a motion for summary judgment in favor of the United States. The case centers around a house and the government's ability to foreclose on it to satisfy the federal tax obligations of its owner. We believe that the Supreme Court's recent decision in *United States v. Rodgers,* —— U.S. ——, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), requires a limited remand.

In 1969 appellants Daniel M. Pilla and Carlyn J. Pilla moved into a house on Edgerton Street in St. Paul, Minnesota. The house and lot were owned solely by Mr. Pilla.

Every year from 1970 to 1974 the Internal Revenue Service (IRS) made tax assess-ments against Pilla for unpaid federal with-holding taxes totalling $7,193.68. In 1976 the government filed this suit to reduce this debt to judgment. The district court found that Pilla owed that amount, and that a valid tax lien had attached to the Edgerton Street property. The court further held that the Minnesota homestead law did not protect Pilla, nor did it protect Mrs. Pilla, since state homestead exemptions have no effect against federal tax liens.

After the above order was entered, that case was consolidated with a similar case involving Pilla's income tax debts. Pilla failed to file federal income tax returns for the years 1968 through 1972. In 1979 the Tax Court decided that Pilla owed the United States $194,126.44. In 1982 the IRS filed suit under § 7403 of the Internal Revenue Code [1] to sell Pilla's home on Edgerton Street in partial satisfaction of the debt. Pilla defended on the basis that he had transferred the home in 1976, through a straw man, to his wife and four sons, appellants Michael A., Daniel J., Paul M. and Joseph P. Pilla. The district court found the transfer a fraudulent conveyance under Minnesota law, and held for the government. Judgment was entered allowing the government to sell the property.

The Pillas raise a number of meritless arguments. The district court's findings that Mr. and Mrs. Pilla did not own the Edgerton Street home in joint tenancy and that the 1976 transfer was fraudulent were decided correctly by the district court on the basis of uncontroverted evidence. Further, Minnesota's homestead laws clearly do not protect Mr. Pilla from the imposition of a federal tax lien on his interest in the Edgerton Street property. *United States v. Rodgers,* —— U.S. at ——, 103 S.Ct. at 2146. *United States v. Mitchell,* 403 U.S. 190, 204–05, 91 S.Ct. 1763, 1771–72, 29 L.Ed.2d 406 (1973); *see* 26 U.S.C. § 6334(c). We affirm the district court on these findings.

---

1. Section 7403 authorizes a federal district court, in a suit instituted by the government, to decree a sale of property in which a delinquent taxpayer has an interest to satisfy the tax indebtedness of the taxpayer.

The protection of the homestead interest of Mrs. Pilla, however, raises a serious question. Mrs. Pilla does not owe any money to the IRS. Further, under Minnesota law, Mrs. Pilla may have a vested property right in her homestead. *E.g., In re Joy,* 5 B.R. 681 (Bkrtcy.D.Minn.1980); *Ryan v. Colburn,* 185 Minn. 347, 241 N.W. 388 (1932). Depriving her of this interest without compensation could raise serious due process problems.

In *United States v. Rodgers,* the Supreme Court addressed an almost identical set of facts. *Rodgers* involved § 7403 and the Texas homestead law, which, like Minnesota's, provides non-debtor spouses with a great deal of protection. The Court held that when both a non-debtor and a debtor held interests in property, the property itself, rather than merely the debtor's interest, could be sold to satisfy the tax obligations of the debtor. —— U.S. at ——, 103 S.Ct. at 2142. The Court pointed out that the IRS has rights superior to those of an "ordinary creditor," since it is not acting as an ordinary creditor, but rather is exercising "a sovereign prerogative ... ultimately grounded in the constitutional mandate to 'lay and collect taxes.'" —— U.S. at ——, 103 S.Ct. at 2144. Thus, the homestead law's prohibition on foreclosure for the debts of one spouse does not apply. However, homestead interests of a non-debtor spouse, while not preventing a sale, must be recognized. The Court found that § 7403's requirement that the court "finally determine the merits of all claims ... on the property" included the obligation to consider the homestead interest of a non-debtor spouse and, when that interest rises to the level of a property right, to compensate the spouse for that interest. —— U.S. at ——, 103 S.Ct. at 2144. The Court further noted that some equitable discretion was vested in the courts to deny the government's petition to foreclose in certain circumstances. —— U.S. at ——, 103 S.Ct. at 2149.

*Rodgers* is consistent with our earlier opinion in *Herndon v. United States,* 501 F.2d 1219 (8th Cir.1974). In *Herndon,* we held that the government may sell a delinquent taxpayer's homestead even if a spouse with no tax liability had homestead rights in the property under state law. *Herndon v. United States,* 501 F.2d at 1222–23. In his concurrence, Judge Ross noted that when a lien is foreclosed under § 7403, the rights of all parties, including the non-debtor spouse, will be determined and a clear title delivered to the purchaser. *Herndon v. United States,* 501 F.2d at 1223 (Ross, J., concurring).

The district court in this case was without the benefit of the *Rodgers* decision, and thus the procedure to be followed in § 7403 cases outlined in *Rodgers* was not followed here. Therefore, we believe that a remand is appropriate so that the district court may decide the nature of Mrs. Pilla's homestead interest, whether this is an appropriate case for the exercise of equitable discretion, and, if not, the extent to which Mrs. Pilla should be compensated for the loss of her homestead interest, if at all.

The judgment of the district court is affirmed in part and vacated and remanded in part.