46 F.3d 1136
 75 A.F.T.R.2d 95-1392
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ronald C. CRAIG; Defendant/Third-Party Plaintiff/Appellant,
Susan W. Craig; George W. Craig; Tracey L. Craig; Sara E.
Craig; Kevin C. Craig, Defendants,
v.
F. A. Siirtola, in his capacity and as an individual,
Third-Party Defendant.
United States of America, Plaintiff/Appellee,
v.
Ronald C. Craig; Defendant/Third-Party, Plaintiff,
Susan W. Craig; Defendant/Appellant,
George W. Craig; Tracey L. Craig; Sara E. Craig; Kevin C.
Craig, Defendants,
v.
F. A. Siirtola, in his capacity and as an individual,
Third-Party Defendant.
 No. 94-2570ND and 94-2025ND.
 United States Court of Appeals, Eighth Circuit.
 Submitted: January 30, 1995.
Filed: February 13, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Ronald C. Craig failed to pay federal income taxes from 1981 to 1987, the Government brought this action to reduce to judgment income tax assessments against Ronald Craig, to foreclose tax liens on a home owned jointly by Ronald and his wife, Susan W. Craig, and to force a sale of the jointly owned home. The district court granted summary judgment to the Government on the tax assessments, granted foreclosure, entered a decree of sale, and denied Ronald Craig's new trial motion. Ronald and Susan Craig then brought these appeals. Although Ronald Craig died after filing his brief for this appeal and no representative has been named to take his place, Susan Craig's brief raises similar issues, and thus we will dispose of both appeals on their merits. See Fed. R. App. P. 43(a). We affirm.
 
 
 2
 The Craigs challenge the district court's grant of summary judgment for the Government on the tax assessments, contending portions of the assessments are based on disputed facts. The Government dismissed its claims over the disputed portions of the assessments, however, and the district court only granted summary judgment on the assessments that the Craigs failed to dispute. Thus, the district court properly granted summary judgment for the Government. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 3
 Susan Craig also challenges the decree of sale over the home she and Ronald Craig jointly owned. Susan Craig's sole contention is that North Dakota homestead law prevents the court from ordering the sale of her interest in the jointly owned home. We disagree. The district court correctly concluded that under 26 U.S.C. Sec. 7403 (1988), the court could order the home's sale, notwithstanding state homestead law. See United States v. Rodgers, 461 U.S. 677, 701-02 (1983); United States v. Pilla, 711 F.2d 94, 96 (8th Cir. 1983).
 
 
 4
 The Craigs' remaining arguments are frivolous. The district court had jurisdiction over this case because the United States is a party and the case was brought under the internal revenue statutes. See 28 U.S.C. Secs. 1340, 1345 (1988). Venue was proper in the federal district court for North Dakota, the district where the Craigs resided. See 28 U.S.C. Sec. 1391(b) (1988). Finally, the district court acted properly in correcting a clerical error in one of its orders, see Fed. R. Civ. P. 60(a), and in denying Ronald Craig's new trial motion, which was based on the corrected clerical error and new evidence that was irrelevant to Craig's case.
 
 
 5
 Accordingly, we affirm.