# MATHEW HACKETT v. PATRICK HAMMEL.[1]

February 26, 1932.

No. 28,727.

*Courtney & Courtney,* for appellant.

*Theodore Hollister* and *Lathers & Hoag,* for respondent.

STONE, J.

Action by payee against maker of a promissory note. The trial without a jury resulted in a decision for defendant. Plaintiff appeals from the order denying his motion for amended findings or a new trial.

In 1918 defendant was engaged in litigation wherein the stake was an interest in a northern Minnesota iron mine. Plaintiff advanced $705 to aid defendant in the prosecution of the case, in the language of the findings,

[1]Reported in 241 N. W. 68.

"pursuant to an agreement between the plaintiff and the defendant that if said defendant was successful in said litigation, the defendant would pay to plaintiff ten times the amount so advanced out of the proceeds of the recovery, while if the defendant was unsuccessful in said litigation * * * the defendant was to repay plaintiff nothing."

Defendant won. In 1920 he repaid to plaintiff $700 on account. No more was paid, but September 1, 1924, defendant gave plaintiff the promissory note for $3,200 here in suit in supposed settlement of the matter.

■ Decision went against plaintiff on the ground that the agreement under which plaintiff advanced his money in 1918 was champertous and so void as against public policy under the rule of Huber v. Johnson, 68 Minn. 74, 70 N. W. 806, 64 A. S. R. 456. The vice of it was that a layman, with no interest in the lawsuit or its subject matter and no relation to defendant, advanced money to carry on the litigation, not as a loan, but to speculate upon and purchase a share in the outcome. In the case of defeat plaintiff would have gotten nothing. But if victory came he would have gotten ten times his investment. Such speculation in litigation, in which the adventurer has no interest otherwise and where he is in no way related to the party he aids, is champertous. The element of intrusion for the purpose of mere speculation in the troubles of others introduces the vice fatal to what otherwise would be a contract. 5 R. C. L. 278; 11 C. J. 248.

■ The original supposed contract being void, the attempted compromise of it, evidenced by the note in suit, is equally without effect. 6 R. C. L. 820. It imposed no enforceable obligation upon defendant, the promisor. 12 C. J. 334. If there be any objection to the conclusion that the note evidences a compromise of the original claim; if for any reason compromise is not the proper term wherewith to characterize the transaction, the note is yet so far an attempt to reëxpress an illegal obligation that the courts will not enforce it. "Repeating a void promise cannot give it validity." 6 R. C. L. 820.

■ Illegality was not pleaded in defense. Absence of consideration was set up. A principal argument for plaintiff is that "illegality of consideration was not before the court as a defense. * * * Illegal consideration is an affirmative defense." That point is thus disposed of by the decision below. In the answer want of consideration is pleaded, but there is no allegation of illegal consideration. In view of the fact that all the testimony on the question of the contract was brought out on the cross-examination of the plaintiff and without objection on his part, it is proper for the court to consider it. If an amendment to the answer is considered necessary, proper steps to secure such amendment might be taken.

With such a sensible handling of the matter by the learned trial judge no fault can be found. The facts were fully gone into. Plaintiff does not contend otherwise or that he was prevented from introducing all the proof available to throw light on the transaction or any part of it. His position that illegality must be pleaded is put upon Andrus v. Dyckman Hotel Co. 126 Minn. 417, 421, 148 N. W. 566, 567. The rule there stated, that where the illegality of a contract relied upon does not appear from the complaint, a "state of facts must be pleaded in the answer showing that no recovery can be had," may permit the court in a proper case to exclude proof of illegality. But it does not compel the exclusion of such proof. Here it was admitted, and its admission not error. We have held that illegality may be shown under the general issue. When illegality vitiates a contract, the court on its own motion and even in the absence of proper pleading may make it the basis of a decision for defendant. Goodrich v. N. W. Tel. Exch. Co. 161 Minn. 106, 201 N. W. 290; Jacobson v. Barnes, 176 Minn. 4, 8, 222 N. W. 341.

Order affirmed.