**Carole MARSHALL, Plaintiff,**

**v.**

**Joseph R. MARSHALL, Eugene V. Sitzmann, District Director of Internal Revenue Service for the St. Paul District, Northland Mortgage Company, Federal National Mortgage Corporation, John Doe and Mary Roe, Defendants.**

Civ. No. 3–95–554.

United States District Court,
D. Minnesota,
Third Division.

Dec. 18, 1995.

Opinion Granting Reconsideration
Jan. 29, 1996.

**642**

Roy D. Hawkinson, Hawkinson Law Office, Minneapolis, Minnesota, for plaintiff.

Rachel D. Cramer, United States Department of Justice, Washington, D.C., for defendant District Director.

William R. Busch, Busch Law Office, St. Paul, Minnesota, for Defendant Eugene V. Sitzmann.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

### Introduction

Before the Court is Plaintiff Carole Marshall's ("Mrs. Marshall") Objections to the November 1, 1995 Report and Recommendation of United States Magistrate Judge Ann D. Montgomery ("R & R"). This matter was referred to Magistrate Judge Montgomery pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.1(c). In the R & R, Magistrate Judge Montgomery recommends (1) Defendant District Director's [1] Motion to Dismiss the claims against it be granted, (2) Plaintiff's Motion to Amend the Complaint be denied, and (3) this action be remanded to Hennepin County District Court. For the reasons set forth below, the Court declines to adopt the R & R.

### Background [2]

Mrs. Marshall commenced this action seeking to quiet title in residential real estate ("Homestead") located in Minneapolis, Minnesota.[3] Mrs. Marshall and Defendant Joseph R. Marshall ("Mr. Marshall"), her estranged husband, owned the Homestead as joint tenants from 1974 through 1994. On February 18, 1994, the IRS placed a federal tax lien, pursuant to 26 U.S.C. § 6321, on Mr. Marshall's interest in the Homestead to collect his delinquent federal income taxes. Mrs. Marshall's interest in the Homestead is not encumbered by this lien, and she does not currently contest the lien's validity. After acquiring the lien, the IRS levied on Mr. Marshall's interest in the Homestead pursuant to the administrative procedures set out

---

1. Except where otherwise noted, the Court will refer to Defendant District Director and the United States Internal Revenue Service jointly as the "IRS."

2. The complete factual and procedural background in this case is set out in the R & R and accompanying memoranda and will not be fully repeated here.

3. This property is located at 5045 Second Avenue South, Minneapolis, Hennepin County, Minnesota, and is legally described as: "Lots 19 and 20, Block 2, in Thorpe Bros. Washburn Park, Second Division, according to the Recorded Plat thereof, and situated in Hennepin County, Minnesota." (Am.Compl. § I, attach. at Def. District Director's Pet. for Removal.)

in 26 U.S.C. § 6331, and conducted a public auction at which Defendant Sitzmann ("Sitzmann") "purchased" Mr. Marshall's interest in the Homestead. Neither Mr. Marshall nor Mrs. Marshall, on his behalf, attempted to redeem the property pursuant to 26 U.S.C. § 6337(b). Following the expiration of the redemption period, the IRS gave Sitzmann a quit claim deed purporting to convey Mr. Marshall's undivided one-half interest in the Homestead. (*See* Sitzmann Aff., attach.)

Plaintiff subsequently commenced this quiet title action in Hennepin County District Court. The IRS timely removed that action to this Court and moved to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the IRS no longer had an interest in the Homestead and therefore was not a proper party. The Plaintiff resisted this Motion, claiming that the sale of the property was void and that the IRS maintained a valid lien on the property. Plaintiff also moved to amend the Complaint to add a claim for an unconstitutional taking under the Due Process Clause of the Fifth Amendment.

In the R & R, the Magistrate Judge determined that the sale of Mr. Marshall's interest in the property was valid and that the IRS was accordingly not subject to the Court's jurisdiction in this matter. The Magistrate Judge further determined that Plaintiff's proposed amendment would be futile.

## Analysis

### I. Standard of Review

A district court must make an independent determination of those portions of a report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

### II. Discussion

Plaintiff objects to the R & R on two grounds: (1) the R & R failed to apply the correct legal standard in determining whether the tax sale of the subject property was valid, and (2) the R & R erroneously denied the Plaintiff's Motion to Amend her Complaint. Both the IRS and Sitzmann filed responses to the Plaintiff's Objections as well as memoranda in support of the IRS's Motion to Dismiss. Mr. Marshall, the Northland Mortgage Company and the Knutson Mortgage Corporation have not submitted responses to the R & R or material in support of the IRS's Motion to Dismiss.

### A. Validity of Levy and Sale

The issue in the IRS's Motion is whether the IRS had authority to sell Mr. Marshall's undivided one-half interest in the Homestead to satisfy its tax lien. If the sale was valid, the IRS no longer has an interest in the Homestead and, for the reasons set forth in the R & R (R & R at 3–5), the IRS must be dismissed as a party pursuant to 28 U.S.C. § 2410(a). If the sale was not valid, the IRS is a proper party in this action and its Motion must be denied. The Court finds the sale was not valid.

#### 1. Legal Standard

All parties agree on the general principle to be applied in this case: the government "steps into the shoes" of the delinquent taxpayer when it acquires a tax lien. *See United States v. National Bank of Commerce,* 472 U.S. 713, 724, 105 S.Ct. 2919, 2926, 86 L.Ed.2d 565 (1985) (citations omitted). Accordingly, in a levy proceeding, the "IRS acquires whatever rights the taxpayer himself possesses" in the homestead property. *Id.; Thomson v. United States,* 66 F.3d 160, 162 (8th Cir.1995) ("[t]he IRS acquires by its lien and levy no greater right to property than the taxpayer himself has at the time the tax lien arises") (citing cases); *Gardner v. United States,* 34 F.3d 985, 988 (10th Cir. 1994) ("the tax collector not only steps into the taxpayer's shoes but must go barefoot if the shoes wear out") (quotation omitted). The parties also agree that, in applying the Internal Revenue Code, state law defines the nature of the taxpayer's interest in the homestead property. *National Bank of Commerce,* 472 U.S. at 723–24, 105 S.Ct. at 2926; *see also Gardner,* 34 F.3d at 987 ("it has long been the rule that in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property ... sought to be reached by the statute" and "[i]t

is only after a taxpayer's legal interest in the property is so determined that federal law dictates the tax consequences") (quoting *Aquilino v. United States,* 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1278–80, 4 L.Ed.2d 1365 (1960) (internal quotations omitted)).

### 2. Application

In order to determine the interest the IRS acquired by its lien, the Court must first consider the nature and extent of the property right Mr. Marshall had in the Homestead at the time of the lien. Mr. Marshall had an undivided one-half interest in the Homestead and held that interest with Mrs. Marshall in joint tenancy with right of survivorship. This interest was subject to at least one restriction. In Minnesota, the nature of homestead property held by husband and wife is such that it may not be conveyed without consent of the other unless the joint tenancy is officially severed. *See* Minn.Stat. § 507.02 ("If the owner is married, no conveyance of the homestead, except ... a severance of a joint tenancy pursuant to section 500.19, subdivision 5 ... shall be valid without the signatures of both spouses"). Thus a spouse's interest in marital homestead property under Minnesota law does not include the right to unilaterally convey the property while it is held in joint tenancy. This is the property right the IRS acquired when it stepped into Mr. Marshall's shoes. Since the IRS did not acquire property rights superior to Mr. Marshall's, the IRS did not acquire the right to unilaterally convey a portion of the Homestead to Sitzmann while the Homestead was held in joint tenancy.

While recognizing that it only acquired Mr. Marshall's rights in the Homestead, the IRS claims the sale is valid because courts, in accordance with IRS regulations, have determined that state "homestead exemptions" do not impair the IRS's ability to levy on marital property. The IRS relies heavily on *Herndon v. United States,* 501 F.2d 1219 (8th Cir.1974) to support this position, and claims

*Herndon* "present[s] no significant distinctions from the instant case." (United States' Reply Br. at 7.) A close review of the facts of *Herndon* shows the IRS's reliance is misplaced. The issue in *Herndon* was whether the IRS could levy on the plaintiff's homestead to collect her spouse's delinquent taxes. The plaintiff's homestead was located in Arkansas, and Arkansas law provided the following *exemption:* "*Homestead exemptions from legal process—Exemptions.* The homestead of any resident of this State who is married ... shall not be subject to the lien of any judgment, ... or to sale under execution...." *Herndon,* 501 F.2d at 1220 n. 2 (quoting Ark. Const. art. 9, § 3). The Eighth Circuit concluded that state laws *which purport to exempt property from foreclosure* have no effect as against federal tax liens. *Id.* at 1222.

Minnesota Statute section 507.02 is fundamentally different from the provisions considered in *Herndon* and those in the supporting cases cited by the IRS. Unlike these provisions, *Minnesota Statute section 507.02 does not create an "exemption" from a creditor's ability to levy upon the homestead.* Rather, section 507.02 alters the very nature of one spouse's property right in the homestead. As such, this case is not within the purview of *Herndon* and related "homestead exemption" cases. Put another way, *this is not a "homestead exemption" case.* Indeed, Minnesota's "homestead exemption" is contained in Minn.Stat. Ch. 510. Minnesota's homestead exemption is similar to the exemptions in *Herndon* and in the cases cited by the IRS, and the rationale of those cases would apply to render Minnesota's homestead exemption inoperative as against the IRS. Plaintiff correctly has not asserted a defense under this Chapter.

The Court has found only two cases which have specifically addressed whether the IRS may use an administrative levy proceeding [4]

---

**4.** Several courts have held that the IRS may levy upon and sell a nondelinquent spouse's portion of the homestead, notwithstanding statutory provisions to the contrary, using the *judicial proceeding* called for under 26 U.S.C. § 7403. *See United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). The IRS did not pursue a judicial proceeding to levy on Mr. Mar-

shall's property. The cases upon which it relies to justify sale at issue today involve judicial levies under § 7403, not administrative levies under § 6331. (*See* IRS Reply at 9.)

Moreover, the Supreme Court's decision in *Rodgers* supports this Court's conclusion regarding the IRS's ability to administratively foreclose

to sell a delinquent spouse's share in the homestead when state law defines that interest as prohibiting unilateral transfer. Both these cases support Plaintiff's position in this case. The first is indistinguishable from the material facts presented in the IRS's Motion. *See O'Hagan v. United States,* Civ. No. 4–94–952, 1994 WL 772964 (D.Minn.1994), *appeal docketed,* No. 95–1185MNMI (8th Cir. argued Nov. 13, 1995).[5] The second is nearly identical to the facts presented here and is on all fours with this Court's rationale. In *Elfelt v. Cooper,* 168 Wis.2d 1008, 485 N.W.2d 56 (1992), *cert. denied,* 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993),[6] the IRS had filed a tax lien on the husband's portion of jointly held homestead property. The IRS subsequently sold that portion following a § 6331 administrative levy proceeding. Wisconsin, like Minnesota, defined the property right a spouse had in the homestead to be inalienable without the other spouse's consent. *Id.* 485 N.W.2d at 61 (citing Wis.Stat. § 706.02(1)(f)). The IRS did not obtain the nondelinquent spouse's consent. *Elfelt* determined that "the statutory requirement of spousal consent illustrates that the nature of the property interest owned by a spouse in a jointly held homestead is a limited interest that can only be alienated with the consent of both spouses or by court action." *Id.* at 62. Based on this, *Elfelt* observed that "the IRS

cannot gain an interest superior to that which [the delinquent spouse] himself had" and concluded the IRS did not have authority to sell the husband's interest in the jointly held homestead property. *Elfelt* accordingly voided the sale.

In addition to wrongly claiming Minnesota Statute section 507.02 creates an unenforceable homestead "exemption" rather than a substantive property interest, the IRS claims the sale was nevertheless valid because Mr. Marshall had the ability to sever the Homestead without Mrs. Marshall's consent. The IRS's argument is again misplaced. The IRS may be correct insofar as Mr. Marshall could change the nature of his property interest in the Homestead by severing the joint tenancy in accordance with Minnesota Statutes section 500.19, subdivision 5. This Section provides in relevant part:

> A severance of a joint tenancy interest in real estate by a joint tenant shall be legally effective only if (1) the instrument of severance is recorded in the office of the county recorder or the registrar of titles in the county where the real estate is situated. . . .

Minn.Stat. § 500.19, subd. 5. When the IRS acquired a lien on Mr. Marshall's property, it acquired this right. It did not, however, exercise it.[7] Moreover, at least one court

on the Homestead pursuant to 26 U.S.C. § 6331. The *Rodgers* dissent presented an argument similar to the Plaintiff's argument in this case. Justice Blackman recognized that "[i]n a small number of joint ownership situations ... the delinquent taxpayer has no right to force partition or otherwise to alienate the entire property without the consent of the co-owner," and reasoned the Government [has] the power to sell or force the sale of jointly owned property only insofar as the *tax debtor's* interest in that property would permit *him* to do so; it does not confer on the Government the power to sell jointly owned property if an unindebted co-owner enjoys an *indestructible* right to bar a sale and to continue in possession.

*Id.* at 713–715, 103 S.Ct. at 2152–53 (Blackman, J., concurring in part and dissenting in part). The majority criticized the dissent for relying on administrative levy cases and overlooking "the important distinction between the power of sale under § 7403 ... and the power of administrative levy" under § 6331. *Id.* at 702 n. 31, 103 S.Ct. at 2147 n. 31. However, the majority specifically stated it was "in agreement" with the

dissent regarding the administrative levy cases. *Id.*

5. This appeal is pending. The IRS does not attempt to distinguish *O'Hagan* and instead claims it was wrongly decided.

6. The parties have not cited *Elfelt.*

7. Defendant Sitzmann argues that the joint tenancy was severed when the IRS conducted the sale or when he filed a "Certificate of Sale of Seized Property" with the Hennepin County Recorder's Office. Neither of these actions was sufficient to sever the joint tenancy. Section 507.02 provides that a conveyance of the marital homestead is invalid unless the homestead is severed *"pursuant to section 500.19, subdivision 5."* The tax sale was not a severance pursuant to that subdivision and does not validate the sale. Similarly, the fact that Sitzmann filed a certificate of sale of seized property does not validate the sale. The issue in the matter before the Court is whether the IRS possessed an interest which could be sold without Plaintiff's consent at the time of sale. If it did not, Sitzmann had no

has construed Sections 507.02 and 500.19, subdivision 5 to prohibit one spouse from unilaterally severing homestead property under Section 500.19, subdivision 5 and then unilaterally conveying the remaining one-half interest. *See O'Hagan v. United States,* Civ. No. 4–94–952 (D.Minn.1994) ("the correct construction of Minnesota law, although it may allow the unilateral severance of property held as joint tenants, does not allow one spouse to sever and then convey an interest in homestead property") (citing Minn.Stat. § 507.02, 500.19, subd. 5). The Court concurs with this rationale; any other construction of these sections would eviscerate the property interests created by Section 507.02. Minnesota's homestead law was enacted to create a property interest which could not be conveyed without consent of both spouses. *See, e.g., Craig v. Baumgartner,* 191 Minn. 42, 254 N.W. 440 (1934). To hold that one spouse could deprive the other spouse of this interest by recording a deed after having unilaterally and wrongfully sold the homestead would defeat this purpose.

Finally, the IRS argues that the sale was proper because "state law serves only to define a taxpayer's property rights; the consequences of those rights for tax collection are set by federal law," (IRS Reply Br. at 6 (citing *National Bank of Commerce,* 472 U.S. at 722, 105 S.Ct. at 2926)), and because the "validity and priority of the lien are ques-

tions of federal law," not state law (IRS Response to Obj. at 2 (citing *Thomson,* 66 F.3d at 162 n. 1)). These arguments are not persuasive. The IRS apparently claims the prohibition against unilateral conveyance of the homestead is merely a "consequence" of a state right and therefore does not apply. As stated above, this is not correct. The prohibition against unilateral conveyance of the homestead is part of the nature of the property right Mr. Marshall and Mrs. Marshall each owned. It was not a "consequence" of their property rights. Similarly, this prohibition is not related to the validity or priority of the lien; it is related to the rights the IRS acquired when it filed the lien.

### 3. Summary

Based on the foregoing, the Court finds that Mr. Marshall would not be able to convey an interest in the jointly held Homestead without Mrs. Marshall's consent. Because the IRS stepped into Mr. Marshall's shoes when it acquired a tax lien on the Homestead, it could not convey any interest in the Homestead pursuant to a § 6331 administrative levy proceeding without Mrs. Marshall's consent. Consequently, Sitzmann did not obtain and does not own an interest in the Homestead.[8] The sale of Mr. Marshall's interest in the Homestead is void and the IRS maintains a tax lien on the property.[9]

interest to sever, and his subsequent actions are irrelevant.

**8.** In addition to supporting the IRS's alleged right to convey Mr. Marshall's interest in the Homestead, Sitzmann argues that Mr. Marshall did not own "homestead" property because he separated from Mrs. Marshall in September, 1992 and moved out of their residence. This argument is unavailing. As noted above, state law defines the nature of one's property interest for the purposes of federal tax law. Under Minnesota law, homestead treatment may not be denied because one spouse is absent due to marriage dissolution proceedings or separation. Minn.Stat. § 273.124, subd. 1(e). Moreover, Minnesota courts have specifically held that only one spouse need reside on property to qualify that property as "homestead" for the purposes of prohibiting unilateral transfer under Minn.Stat. § 507.02. *See Renneke v. Shandorf,* 371 N.W.2d 12, 14 n. 1 (Minn.Ct.App.1985); *Cleys v. Cleys,* 363 N.W.2d 65, 69–71 (Minn.Ct.App.1985).

**9.** Although the validity of the sale involves certain factual findings, the IRS specifically placed

this in issue for final resolution when it moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under this Rule, the Court must distinguish between a "facial attack" to jurisdiction and a "factual attack." *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990) (citing cases). On a "facial attack," the Court must restrict itself to the face of the pleadings; the non-moving party receives the same protections as it would in defending against a Rule 12(b)(6) motion. In a "factual attack," the non-movant does not enjoy the benefits of the Rule 12(b)(6) safeguards; the district court has the authority to consider matters outside the pleadings and may resolve disputed issues of material fact to determine the jurisdictional issue. *Osborn,* 918 F.2d at 728 n. 4 & 729; *Dou Yee Enter. (S) PTE, Ltd. v. Advantek, Inc.,* 149 F.R.D. 185, 187 (D.Minn.1993). The IRS's motion was a "factual" attack on the Court's jurisdiction. Based on the standards set out in *Osborn* and the Court's findings in this case, final judgment with respect to the validity of the sale is appropriate.

## B. *Motion to Amend the Complaint*

Plaintiff claims the IRS failed to compensate her for the decreased value in her portion of the Homestead caused by the IRS's purported sale of Mr. Marshall's interest to Sitzmann. She filed a motion to amend the Complaint to add a Fifth Amendment takings claim on this basis. Because the Court finds the sale void, the Plaintiff's Motion to Amend is moot and will be denied.

### Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, the Court declines to adopt the November 1, 1995 Report and Recommendation of Magistrate Judge Montgomery (Doc. No. 19) and **IT IS ORDERED** that:

(1) Defendant District Director's Motion to Dismiss (Doc. Nos. 4 & 14) is **DENIED;**

(2) Plaintiff's Motion to Amend the Complaint (Doc. No. 7) is **DENIED AS MOOT;** and

(3) it is hereby **ORDERED, ADJUDGED AND DECREED** that the March 15, 1994 sale of the property located at 5045 Second Avenue South, Minneapolis, Hennepin County, Minnesota, legally described as:

> Lots 19 and 20, Block 2, in Thorpe Bros. Washburn Park, Second Division, according to the Recorded Plat thereof, and situated in Hennepin County, Minnesota

to Defendant Sitzmann is **VOID.**[10]

## MEMORANDUM OPINION AND ORDER ON RECONSIDERATION

### Introduction

This matter is before the Court on Defendants' Motion for Reconsideration of the December 18, 1995 Memorandum Opinion and Order (Doc. No. 24) declaring invalid the Internal Revenue Service's ("IRS") administrative sale of an undivided one-half interest in Plaintiff's homestead ("Homestead"). The

Defendants seek reconsideration of the Order on the grounds the Plaintiff's claim is barred by the statute of limitations.

### Discussion [1]

The parties dispute the basis for jurisdiction over Plaintiff's claims. The narrow question currently presented in Defendants' Motion for Reconsideration is whether federal subject matter jurisdiction over this action may be grounded upon 28 U.S.C. § 2410 rather than 26 U.S.C. § 7426.

Plaintiff commenced this action against the IRS and Sitzmann in Hennepin County District Court; Plaintiff named the IRS as a party pursuant to 28 U.S.C. § 2410, which provides, *inter alia*, that the United States waives its sovereign immunity for actions seeking to quiet title to "property on which the United States has or claims a mortgage or other lien." The IRS removed the matter to this Court pursuant to 28 U.S.C. § 1444 ("[a]ny action *brought under section 2410* of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending") (emphasis added). Plaintiff did not object to removal. In its prior Memorandum Opinion and Order, the Court accepted Plaintiff's assertion of jurisdiction under 28 U.S.C. § 2410. The Court subsequently held the IRS sale was void and that the IRS maintained a lien on an undivided one-half interest in Plaintiff's Homestead.

The Defendants currently argue that 26 U.S.C. § 7426 provides the exclusive jurisdictional basis to sue the IRS for wrongful levy and that the limitations period provided in § 7426 expired prior to the filing of the Complaint. This claim was not addressed in the November 1, 1995 Report and Recommendation of Magistrate Judge Montgomery (Doc. No. 19) and not considered in this Court's prior Memorandum Opinion and

---

**10.** In her Complaint, Plaintiff also requested an order declaring Plaintiff "fee owner" of the Homestead. (Compl. at 5 ¶ 1.) Such relief does not appear to be warranted, and the Court anticipates this action may be dismissed. The parties have not, however, addressed this issue in their memoranda. The parties are accordingly directed to submit a status report within twenty (20)

days from the date of this Order setting forth what issues raised in the Complaint, if any, remain for final resolution in this Court.

**1.** The pertinent background in this matter is fully set forth in the Court's prior Memorandum Opinion and Order and will not be repeated here.

**648**

Order. The Court agrees with the Defendants' current argument.

Section 7426 provides:

> (1) **Wrongful levy.**—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

A levy is "wrongful" within the meaning of § 7426 "if it seizes property that does not belong in whole or in part to the delinquent taxpayer." *Texas Commerce Bank v. United States*, 896 F.2d 152, 156 (5th Cir.1990). The Eighth Circuit has recognized that § 7426 "provides the *only* jurisdictional basis" upon which a person who is not the delinquent taxpayer may sue the IRS for wrongful levy. *Rosenblum v. United States*, 549 F.2d 1140, 1144–45 (8th Cir.) (emphasis added), *cert. denied*, 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977); *accord Texas Commerce Bank*, 896 F.2d at 156. A § 7426 action must be commenced *within nine months* from the date of the levy. 26 U.S.C. § 6532(c)(1) ("no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action").[2]

Plaintiff argues the § 7426 limitations period does not apply because she commenced this action pursuant to 28 U.S.C. § 2410—which does not have a nine-month limitations period—rather than 26 U.S.C. § 7426. Plaintiff has cited no authority to support her

28 U.S.C. § 2410 action against the IRS for wrongful levy. To the contrary, this position is squarely at odds with the Eighth Circuit's decision in *Rosenblum*. Moreover, several courts have specifically held that 28 U.S.C. § 2410 does not provide the jurisdictional basis to sue the IRS for wrongful levy after the limitations period specified in § 7426 has expired. *See Winebrenner v. United States*, 924 F.2d 851 (9th Cir.1991) (finding suit under 28 U.S.C. § 2410 alleging the IRS wrongfully levied upon plaintiff's property to satisfy the tax liability of another barred by § 7426's limitations period); *United Sand & Gravel Contr., Inc. v. United States*, 624 F.2d 733, 738 (5th Cir.1980) (same). Plaintiff's claim against the IRS is therefore subject to § 7426's nine-month limitations period.

■ Plaintiff's claim is untimely under § 7426. Section 7426's limitations period commences on "the date on which the notice of seizure provided in section 6335(a) is given." 26 U.S.C. § 6502(b). Section 6335(a) provides that after seizure of the property, "notice in writing shall be given by the Secretary to the owner of the property ... or shall be left at his usual place of abode or business." In the present case, the IRS seized Mr. Marshall's interest in the Homestead on February 7, 1994, served a notice of seizure upon Mr. Marshall, and delivered a copy of the notice of seizure to the Homestead on February 18, 1994. Plaintiff commenced this action on May 11, 1995, nearly six months after the limitations period expired.[3] As a result, Plaintiff's claim against the IRS is barred by the statute of limitations and 28 U.S.C. § 2410 does not provide a jurisdictional basis for this action.

■ In addition to asserting jurisdiction under § 2410, Plaintiff also moved to amend

---

**2.** 26 U.S.C. § 6532(c)(2) provides for an extension of the nine-month period under specified conditions; Plaintiff does not claim to have satisfied these conditions.

**3.** Plaintiff does not claim the IRS's notice failed to comply with the requirements of 26 U.S.C. § 6335(a). She notes, however, that she was in a nursing home at the time the notice was sent to Mr. Marshall and left at the Homestead and was therefore unaware of the sale. (Pl.'s Aff. at 4.) This is not material. First, the IRS satisfied the

§ 6335(a) notice requirements by delivering a copy of the notice of seizure to the Homestead. Second, and more importantly, Plaintiff clearly had notice of the sale by March 15, 1995. She acknowledges she received a copy of a sealed bid on the Homestead prior to that date, met with an IRS officer on March 15, 1994, and objected to the sale at that meeting. (*Id.* at 5.) She therefore had notice of the seizure by March 15, 1994. This notice precedes the filing of this action by nearly fourteen months.

the Complaint to add a Fifth Amendment takings claim on the grounds that the IRS failed to compensate her for the decreased value in her portion of the Homestead as a result of the sale. This amendment would provide an alternative basis for federal subject matter jurisdiction. In its prior Memorandum Opinion and Order, the Court denied the Plaintiff's request to amend her Complaint as moot. Upon review of the merits of this proposed amendment, the Court finds it is futile. A valid IRS levy does not constitute a taking when the proceeds are used to offset the delinquent taxpayer's tax deficiency. *See United States v. Pittman,* 449 F.2d 623, 626 (7th Cir.1971). Section 7426 provides the exclusive basis for Plaintiff to sue the IRS for wrongfully selling her property. Because the limitations period expired, the IRS may no longer be held liable for the sale. The IRS applied the proceeds of that sale to offset Mr. Marshall's tax deficiency. As a result, Plaintiff may not sue the IRS for a taking and Plaintiff's Motion to Amend the Complaint will be denied. *See Fuller v. Secretary of the Dept. of Defense,* 30 F.3d 86, 89 (8th Cir.) (observing that leave to amend should not be granted where amendment would be futile), *cert. denied sub nom. Fuller v. Perry,* —— U.S. ——, 115 S.Ct. 583, 130 L.Ed.2d 497 (1994).

Plaintiff may not bring this action against the IRS. Section 7426 provides the sole jurisdictional basis for her claim against the IRS, and Plaintiff has failed to comply with its requirements. As a result, the Court does not have subject matter jurisdiction over the IRS to hear this action. It does not follow, however, that the Court has jurisdiction to resolve Plaintiff's claim as it relates to Defendant Sitzmann. Section 7426 and its limitation period relate *solely* to actions against the United States. Plaintiff's claim against the IRS was the exclusive basis for federal subject matter jurisdiction. Because the IRS was never a proper party to this action, the Court does not have jurisdiction to resolve Plaintiff's state quiet title as it relates to Defendant Sitzmann; this is a state law claim which must be resolved in state court.[4] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The Court will accordingly grant the Defendants' Motion for Reconsideration, vacate its prior Memorandum Opinion and Order, grant the IRS's Motion to Dismiss, and remand the remainder of this action to Hennepin County District Court.

### Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

(1) Defendants' Motion for Reconsideration (Doc. No. 26) is **GRANTED;**

(2) the Memorandum Opinion and Order dated December 18, 1995 (Doc. No. 24) is **VACATED;**

**4.** The Court observes that in *Elfelt v. Cooper,* 168 Wis.2d 1008, 485 N.W.2d 56 (1992), *cert. denied,* 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993), the Wisconsin Supreme Court declared invalid an IRS sale in circumstances similar to those in the case at bar. The facts of *Elfelt* are more fully set out in this Court's prior Memorandum Opinion and Order. In *Elfelt,* a nondelinquent spouse sought to quiet title in her homestead and declare an IRS sale of her husband's undivided one-half interest in the homestead invalid. As in the present case, this sale was conducted pursuant to 26 U.S.C. § 6331. The nondelinquent spouse challenged the sale more than two years after the IRS levied on the property. The purchasers of the property claimed the IRS sale was valid and that the nondelinquent spouse's claim was barred under 26 U.S.C. § 7426. *Elfelt* determined that the nondelinquent spouse's failure to avail herself of the remedies in § 7426 *did not* preclude her quiet title action against the purchasers. *Elfelt* concluded that the IRS sale was invalid and therefore did not convey an interest in the property. Unlike the present case, however, the IRS was not named as a party in *Elfelt* and jurisdiction was not alleged to be grounded upon 28 U.S.C. § 2410. This Court has previously indicated its agreement with *Elfelt* insofar as that decision relates to the IRS's authority to sell an undivided one-half interest homestead property in a § 6331 administrative proceeding. As in *Elfelt,* this Court is of the opinion the sale of such an interest, as defined by state law, is not valid; the IRS sold what it did not own. The only issue considered in this Memorandum Opinion and Order is whether Plaintiff may pursue a claim against the IRS under 28 U.S.C. § 2410. As noted, the Court has not considered whether Plaintiff may pursue her quiet title action against Sitzmann in state court. Under *Elfelt,* she clearly may.

(3) Plaintiff's Motion to Amend the Complaint (Doc. No. 7) is **DENIED;**

(4) Defendant District Director's Motion to Dismiss it from this action (Doc. Nos. 4 & 14) is **GRANTED** and Plaintiff's claims against the District Director are **DISMISSED WITH PREJUDICE;** and

(5) this action is **REMANDED** to Hennepin County District Court pursuant to 28 U.S.C. § 1447(c).